## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | |
|---|---|
| ROBERT L. COMPTON,<br><br>   Plaintiff,<br><br>v.<br><br>MICHAEL A. RUSSELL,<br>Serve:  122 Penrith Ave.<br>    Alma, MI 48801<br><br>and<br><br>C&J BARK HAULERS, INC.,<br>Serve:  16665 Gratiot Road<br>    Hemlock, MI 48626<br><br>   Defendants. | Cause No. 3:16-cv-00032<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

COMES NOW Plaintiff Robert L. Compton, by and through his undersigned counsel, and for his cause of action against Defendants Michael A. Russell and C&J Bark Haulers, Inc., states as follows:

### **PARTIES, JURISDICTION, & VENUE**

1. At all times pertinent hereto, Plaintiff Robert L. Compton is and was an adult and resident of the State of Kansas.

2. At all times pertinent hereto, Defendant Michael A. Russell ("Russell") is and was a resident of the State of Michigan.

3. At all times pertinent hereto, Defendant C&J Bark Haulers, Inc. ("C & J Bark Haulers") is and was a Michigan corporation licensed to do business in the State of Illinois, engaged in the business of hauling goods cross country.

4. Plaintiff and each Defendant are residents of separate states and the matter in controversy exceeds the value of $75,000, exclusive of interest and costs. Therefore, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.

5. A substantial part of the acts or omissions giving rise to this claim occurred in St. Clair County, Illinois such that venue is proper in this district pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

6. At all times herein mentioned and at the time of this crash, C & J Bark Haulers was acting individually and through its agents, servants, and/or employees, each of whom were acting within the course and scope of their employment with C & J Bark Haulers at the time of the crash at issue, which is set forth more fully below.

7. C & J Bark Haulers, individually, and through its agents, servants, and employees, at the time of this crash, was engaging in the business of a motor carrier in both intrastate and interstate commerce eastbound on Interstate Highway 64 in St. Clair County, Illinois.

8. Illinois has adopted the Federal Motor Carrier Safety Regulations.

9. At all times herein mentioned and at the time of this crash, Defendant C & J Bark Haulers is/was an interstate common carrier, motor carrier, and trucking transport company subject to the Federal Motor Carrier Safety Regulations.

10. C & J Bark Haulers and its agents, servants, and employees, at all relevant times set forth herein, were subject to the rules and regulations contained and set forth in Title 49, Code of Federal Regulations.

11. At the time of this incident and at all times herein mentioned, Russell was operating a 2014 Freightliner commercial motor vehicle (hereinafter referred to as the "2014 Freightliner tractor-trailer"), bearing Michigan license plate no. RB12533, VIN no. 3ALXA7008EDFX4145, as an agent, servant, and employee of C & J Bark Haulers.

12. At all times herein mentioned, C & J Bark Haulers was acting individually and through its agents, servants, and/or employees, including Russell.

13. At all times herein mentioned, Russell was hired by C & J Bark Haulers to drive a commercial motor vehicle (tractor trailer) and was directed by C & J Bark Haulers to transport various loads in interstate commerce.

14. C & J Bark Haulers is vicariously liable for the acts of Russell, its agent, servant, and employee.

15. At all times herein mentioned, and at the time of this incident, C & J Bark Haulers, individually, and/or through its agents, servants, and/or employees, owned, leased, controlled, and/or operated the 2014 Freightliner tractor-trailer that caused this crash.

16. On July 11, 2014, at 7:41 a.m., Russell was acting in the course and scope of his employment as a truck driver for C&J Bark Haulers, operating the 2014 Freightliner tractor trailer eastbound on Interstate 64 in St. Clair County, Illinois.

17. At the same time, Plaintiff Robert Compton was also operating his tractor trailer eastbound on Interstate 64 in St. Clair County, Illinois.

18. As both were traveling eastbound on Interstate 64, Russell went to pass Plaintiff's vehicle, and as he pulled alongside of Plaintiff's vehicle, Defendant's tractor trailer suddenly swerved into Plaintiff's vehicle, striking the driver's side of the vehicle and causing injury to Plaintiff.

**COUNT I**
**NEGLIGENCE AGAINST**
**RUSSELL AND C & J BARK HAULERS**

19. Plaintiff repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth in paragraphs 1-18 of this Complaint as if they were fully set forth herein.

20. At the time of this crash, and at all times herein mentioned, Russell was acting in the course and scope of his employment with C & J Bark Haulers as a tractor trailer driver, agent, servant, and employee, and C & J Bark Haulers is vicariously liable for the actions of Russell, its agent, servant, and employee.

21. At the time of this crash, Russell was an agent, servant and employee under the control, right of control, joint and mutual control, or joint and mutual right of control of C & J Bark Haulers, and all of the acts of negligence on the part of Russell were committed within the course and scope of his agency and employment of, with and for C & J Bark Haulers.

22. The aforesaid incident and resulting injuries and damages sustained by Plaintiff were directly and proximately caused or contributed to be caused by the negligence and carelessness of Defendant Russell and Defendant C & J Bark Haulers, through its agents, servants, and employees in the operation, maintenance, and control of its vehicle in the following respects:

    a) Failing to keep a proper lookout for other vehicles and obstructions; and/or

    b) Failing to take proper remedial action which could have avoided this collision or minimized the impact; and/or

    c) Driving at an, unsafe, excessive and dangerous rate of speed; and/or

    d) Operating the tractor trailer without adequate training and experience; and/or

    e) Failing to have the tractor trailer under proper control; and/or

    f) Failing to stay in the proper lane on the roadway; and/or

    g) Initiating an unsafe and unexpected lane change; and/or

    h) Failing to obey the Federal Motor Carrier Safety Regulations; and/or

    i) Operating the tractor trailer too fast for the conditions then there existing.

23. As a direct and proximate result of the negligence of Defendants, Plaintiff sustained serious and permanent injuries to his body, including injuries to his left and right knee, which ultimately led to the development of a Deep Vein Thrombosis and Pulmonary Embolism; Plaintiff has incurred past medical bills to date and will, in the future, incur additional medical bills; Plaintiff has sustained past lost wages, and will, in the future, continue to sustain lost wages in the future; Plaintiff has sustained pain and suffering in accordance with his injuries.

**WHEREFORE** Plaintiff prays judgment in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) exclusive of costs and interest, as is fair and reasonable to compensate him for his injuries, plus aggravated (punitive) damages, together with his costs and for such other relief this Court deems just and proper under the circumstances.

### COUNT II
### NEGLIGENT HIRING, TRAINING, SUPERVISING & RETAINING AGAINST C & J BARK HAULERS

24. Plaintiff repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth in paragraphs 1-23 of this Complaint as if they were fully set forth herein.

25. C & J Bark Haulers owed the general public, including Plaintiff, a duty to properly, diligently and adequately screen potential drivers in order to determine the qualifications of its agents, servants, and employees, and such duties include, but are not limited to:

 a) Adequately evaluating applicants before hiring them as truck drivers and agents, servants, and employees;

 b) Adequately training and supervising said agents, servants, and employees; and

 c) Adequately evaluating the employees' job performance so as to discharge any incompetent or negligent employee before he injured the public or property.

26. C & J Bark Haulers owed the general public, including Plaintiff, a duty to see,

confirm and require that Russell's employment application was truthfully, accurately and fully completed.

27. Pursuant to the Federal Motor Carrier Safety Regulations, C & J Bark Haulers owed the general public, including the Plaintiff, a duty to determine the qualifications of its agents, servants, and employees, including, but not limited to:

    a) Adequately evaluating Russell's performance, including thorough training and supervision, and to discharge any incompetent or negligent applicant, agent, servant, and/or employee before he injured the public or property.

28. Pursuant to the Federal Motor Carrier Safety Regulations, C & J Bark Haulers had the following statutory duties:

    a) To obtain a completed employment application before permitting an agent, servant, and/or employee drive its commercial motor vehicle. 49 C.F.R. 391.21;

    b) To investigate the agents, servants, and/or employee's driver's employment record during the preceding three years by all reasonable means. 49 C.F.R. § 391.23(a)(2), 391.23(c);

    c) To inquire into the agent's, servant's, and/or employee's driving record within 30 days after employment begins. 49 C.F.R. § 391.23(a); and

    d) To require a successfully completed road test before commencing employment, and permitting the applicant, agent, servant, and/or employee to drive a commercial motor vehicle. 49 C.F.R. § 391.31(a).

29. C & J Bark Haulers had a duty to comply with all of the above and below listed Federal Motor Carrier Safety Regulations, Codes, and/or Statutes, so as to protect the general public, including the Plaintiff, from the unsafe operation of commercial motor vehicles.

30. C & J Bark Haulers breached its duty to the general public, including the Plaintiff, by its negligent and careless hiring, training, supervising, and retaining C & J Bark Hauler's agent, servant and employee, who was unqualified, incompetent, and/or negligent and careless at the time of this crash and during the time leading up to this crash.

31. C & J Bark Haulers failed to properly train its agents, servants and employees, including Russell, in the proper operation, inspection, maintenance, record-keeping, and check-in, necessary for the safe operation of a commercial motor vehicle and trailer.

32. C & J Bark Haulers breached each of the above and below listed Safety Regulations, Codes, and/or Statutes and its required obligations pursuant to said Safety Regulations, Codes, and/or Statutes and permitted Russell to operate pursuant to C & J Bark Hauler's operating authority after negligible efforts, if any, to determine whether Russell was competent and fit to drive commercial motor vehicles.

33. C & J Bark Haulers failed to properly instruct and train its agents, servants, and employees (including Russell) how to properly and safely operate the tractor trailer Russell was driving at the time of this crash.

34. C & J Bark Haulers failed to provide safety courses to its agents, servants, and employees (including Russell) on how to safely operate Defendant's tractor trailer.

35. C & J Bark Haulers failed to provide continuing safety courses to its agents, servants, and employees (including Russell) on trucking safety issues.

36. The actions and omissions of C & J Bark Haulers relating to this crash were willful, wanton, reckless and intentional, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiff.

37. Defendant's willful, wanton, reckless and intentional behavior, and for Defendant's complete indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendants and to deter others from similar conduct.

38. Plaintiff's injuries were directly and proximately caused by the negligence of Defendant and Defendant's breach of and failure to comply with Defendant's duties, including

7

Defendant's duties to comply with the above-referenced Safety Regulations, Codes, and/or Statutes.

39.     As a direct and proximate result of the negligence of Defendant, Plaintiff sustained serious and permanent injuries to his body, including injuries to his left and right knee, which ultimately led to the development of a Deep Vein Thrombosis and Pulmonary Embolism; Plaintiff has incurred past medical bills to date and will, in the future, incur additional medical bills; Plaintiff has sustained past lost wages, and will, in the future, continue to sustain lost wages in the future; Plaintiff has sustained pain and suffering in accordance with his injuries.

**WHEREFORE** Plaintiff prays judgment in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) exclusive of costs and interest, as is fair and reasonable to compensate him for his injuries, plus aggravated (punitive) damages, together with his costs and for such other relief this Court deems just and proper under the circumstances.

Respectfully submitted,

**NIEMEYER, GREBEL & KRUSE, LLC**

By   */s/ Mark R. Niemeyer*
     Mark R. Niemeyer     #6295647
     David L. Grebel
     10 S. Broadway, Suite 1125
     St. Louis, MO  63102
     314-241-1919 telephone
     314-665-3017 fax
     niemeyer@ngklawfirm.com
     grebel@ngklawfirm.com

*Attorneys for Plaintiff*